09-1966-ag
Yu v. Holder

BIA
Defonzo, IJ
A088 372 222

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of July, two thousand ten.

PRESENT:

JON O. NEWMAN,
ROBERT D. SACK,
REENA RAGGI,
    *Circuit Judges*.

_____

ZHENHAI YU,
        *Petitioner*,

        v.                                        09-1966-ag
                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Dehai Zhang, Flushing, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Christopher C. Fuller,
                       Senior Litigation Counsel; Ann
                       Carroll Varnon, Office of
                       Immigration Litigation, United

**States Department of Justice,
Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhenhai Yu, a native and citizen of the People's Republic of China, seeks review of an April 23, 2009 order of the BIA affirming the November 20, 2007 decision of Immigration Judge ("IJ") Paul A. Defonzo, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhenhai Yu*, No. A088 372 222 (B.I.A. Apr. 23, 2009), *aff'g* No. A088 372 222 (Immig. Ct. N.Y. City Nov. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

## I.  Asylum, Withholding of Removal, and CAT Relief

Substantial evidence supports the agency's adverse credibility determination.  Yu argues generally that the IJ's findings went to matters too minor to support an adverse credibility determination.  For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167.  Moreover, the IJ's individual findings were not erroneous.

The IJ reasonably identified an inconsistency between Yu's asylum application, which stated that Chinese authorities came to his house and threatened to arrest him after he fled China, and Yu's merits hearing testimony, which failed to mention these events, despite inquiry as to why Yu feared arrest upon return to China.  The IJ further noted that this information was also omitted from Yu's mother's letter.  The IJ also reasonably relied on the inconsistency between Yu's testimony that he used to

3

practice Falun Gong with his friend only in the park and a letter from his friend stating that she went to Yu's house to practice Falun Gong.  To the extent that Yu offered explanations for these discrepancies, the IJ was not compelled to credit them.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Nor was he compelled to credit Yu's contention that proffered medical records related to an alleged incident of mistreatment.  *See id.*  Finally, the record plainly belies Yu's contention that the agency failed to consider his claim to have been beaten twice by Chinese authorities.

Yu does not challenge the agency's denial of his withholding of removal or CAT claims before this Court. Even assuming that Yu's challenge to the IJ's adverse credibility determination suffices to challenge the agency's denial of each of his applications for relief, that determination undermines these claims to the extent each was based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

## II.  Motion to Remand

Contrary to Yu's argument, the BIA did not abuse its

discretion in declining to remand his proceedings to the IJ based on the affidavits he submitted on appeal. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). As the BIA found, the information in these affidavits was not previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk